**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CAROL KATHREIN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>ARCADIA CONSUMER HEALTHCARE INC., a Delaware corporation,<br><br>*Defendant*. | **Case No.: 3:26-cv-50217**<br><br>**Judge:** Hon. Rebecca R. Pallmeyer |

**PLAINTIFF CAROL KATHREIN'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE; OR, IN THE ALTERNATIVE, TO STAY, OR TO EXTEND DEADLINE TO RESPOND TO COMPLAINT**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

III. LEGAL STANDARD ........ 3

IV. ARGUMENT ........ 4

A. The § 1404(a) Factors Weigh Against Transfer ........ 4

1. The Private Interest Factors Weigh Against Transfer ........ 4

2. The Interests of Justice Do Not Favor Transfer ........ 7

B. The First-to-File Rule Does Not Warrant Transfer Either ........ 8

C. Arcadia's Alternative Request to Stay this Action Should Also Be Denied ........ 9

V. CONCLUSION ........ 10

# TABLE OF AUTHORITIES

## CASES

*AL and PO Corp. v. American Healthcare Capital, Inc.*
No. 14 C 1905, 2015 WL 738694 (N.D. Ill. Feb. 19, 2015) ..........5

*American Can Co. v. Crown Cork & Seal Co.*
433 F. Supp. 333 (E.D. Wis. 1977) ..........8

*Askin v. Quaker Oats Co.*
No. 11 C 111, 2012 WL 517491 (N.D. Ill. Feb. 15, 2012) ..........10

*Bank of America v. Veluchamy*
No. 09 C 5109, 2010 WL 1693108 (N.D. Ill. Apr. 26, 2010) ..........2, 10

*Barbara's Sales, Inc. v. Intel Corp.*
227 Ill. 2d 45 (2007) ..........8

*Blumenthal v. Management Assistance, Inc.*
480 F. Supp. 470 (N.D. Ill. 1979) ..........8

*Central States, Southeast & Southwest Areas Pension Fund v. Paramount Liquor Co.*
203 F.3d 442 (7th Cir. 2000) ..........10

*Cherokee Nation of Oklahoma v. United States*
124 F.3d 1413 (Fed. Cir. 1997) ..........2

*Coffey v. Van Dorn Iron Works*
796 F.2d 217 (7th Cir. 1986) ..........4

*Fahy v. Minto Development Corp.*
722 F. Supp. 3d 784 (N.D. Ill. 2024) ..........1, 5, 7, 8

*Gregg Communications Systems, Inc. v. American Telephone & Telegraph Co.*
575 F. Supp. 1269 (N.D. Ill. 1984) ..........8

*Gueorguiev v. Max Rave, LLC*
526 F. Supp. 2d 853 (N.D. Ill. 2007) ..........6

*Hayde v. Arcadia Consumer Healthcare, Inc.*
No. 8:24-cv-02657-JDE (C.D. Cal. Dec. 6, 2024) ..........1

*Karrels v. Adolph Coors Co.*
699 F. Supp. 172 (N.D. Ill. 1988) ..........1, 8

*Kwasniewski v. Schaid*
153 Ill. 2d 550 (1992) ....................7

*Nicks v. Koch Meat Co.*
260 F. Supp. 3d 942 (N.D. Ill. 2017) ....................4

*Norix Group, Inc. v. Correctional Technologies, Inc.*
542 F. Supp. 3d 824 (N.D. Ill. 2021) ....................10

*O'Connor v. RealPage Inc.*
No. 21 C 6846, 2022 WL 1487374 (N.D. Ill. May 11, 2022) ....................6

*Piper Aircraft Co. v. Reyno*
454 U.S. 235 (1981) ....................4

*Q Sales & Leasing, LLC v. Quilt Protection, Inc.*
No. 01 C 1993, 2002 WL 1732418 (N.D. Ill. July 26, 2002) ....................5

*Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*
598 F. Supp. 2d 836 (N.D. Ill. 2009) ....................7

*Research Automation, Inc. v. Schrader-Bridgeport International, Inc.*
626 F.3d 973 (7th Cir. 2010) ....................2, 6, 8, 9

*Rohde v. Central Railroad of Indiana*
951 F. Supp. 746 (N.D. Ill. 1997) ....................2, 6, 8

*Rowell v. Franconia Minerals Corp.*
582 F. Supp. 2d 1031 (N.D. Ill. 2008) ....................5

*Schwarz v. National Van Lines, Inc.*
317 F. Supp. 2d 829 (N.D. Ill. 2004) ....................6

*Taylor v. Midland Funding, LLC*
94 F. Supp. 3d 941 (N.D. Ill. 2015) ....................2, 6, 8, 9

*United Air Lines, Inc. v. Mesa Airlines, Inc.*
8 F. Supp. 2d 796 (N.D. Ill. 1998) ....................1, 4, 7

*United States v. Glaser*
14 F.3d 1213 (7th Cir. 1994) ....................9

*Walls v. VRE Chicago Eleven, LLC*
344 F. Supp. 3d 932 (N.D. Ill. 2018) ....................1, 7

*White v. Arcadia Consumer Healthcare, Inc.*
No. 26-14082-CIV-CANNON (S.D. Fla. Mar. 12, 2026) ....................9

*Williams v. State Farm Mutual Automobile Insurance Co.*
678 F. Supp. 3d 980 (N.D. Ill. 2023) ........................................ 10

**STATUTES**

28 U.S.C. § 1404(a) ........................................ 1, 3, 4, 8

815 ILCS 505/1 et seq. ........................................ 3

810 ILCS 5/2-313 ........................................ 3

810 ILCS 5/2-314 ........................................ 3

810 ILCS 5/2-316 ........................................ 3

810 ILCS 5/2-607 ........................................ 3

810 ILCS 5/2-714 ........................................ 3

810 ILCS 5/2-715 ........................................ 3

810 ILCS 5/2-719 ........................................ 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

"This Court recognizes that the party seeking to transfer a case bears a strong burden of showing that another forum is more appropriate, and unless the balance strongly favors transfer, the plaintiff's choice of forum should not be disturbed." *Karrels v. Adolph Coors Co.*, 699 F. Supp. 172, 174-75 (N.D. Ill. 1988). Defendant Arcadia Consumer Healthcare, Inc.'s ("Arcadia") Motion to Transfer Venue; or in the Alternative, to Stay, or to Extend Deadline to Respond to the Complaint (the "Motion") does not carry its burden to show that transfer is strongly favored under §1404(a) and thus its requests to transfer or stay should be denied for the following reasons:

***First,*** Arcadia has not shown that transferring this action to the Central District of California is substantially more convenient and will serve the interests of justice, as 28 U.S.C. § 1404(a) requires. The private-interest factors weigh against it. Plaintiff's choice to bring this action in her home forum "is entitled to substantial weight and will not be disturbed unless the other factors dictate transfer." *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d 796, 799 (N.D. Ill. 1998). They do not, as the situs of material events is neither this District nor California, nor is convenience of the parties, witnesses and evidence better served by transferring this action to California. The public interest factors do not strongly favor transfer either: while cases generally go to trial and reach resolution faster in the Central District of California than in this District, this Illinois Court is more familiar with Illinois law and possesses a strong local interest in doing so. *Walls v. VRE Chicago Eleven, LLC,* 344 F. Supp. 3d 932, 945 (N.D. Ill. 2018). Because Arcadia cannot demonstrate that the balance of factors strongly favors transfer, Plaintiff's choice of forum must prevail. *Karrels*, 699 F. Supp. at 174-75; *Fahy v. Minto Dev. Corp.*, 722 F. Supp. 3d 784, 795 (N.D. Ill. 2024) (denying transfer where "plaintiff's choice of their home forum weighs significantly against transfer, and the remaining convenience factors are effectively neutral.").

***Second***, the first-to-file rule does not warrant transfer. Here, Arcadia's Motion is premised almost entirely on the existence of an earlier-filed class action, *Hayde v. Arcadia Consumer Healthcare, Inc.*, No. 8:24-cv-02657-JDE (C.D. Cal. Dec. 6, 2024) ("*Hayde*"). The Seventh Circuit, however, does not rigidly adhere to a first-to-file rule. *Rsch. Automation, Inc. v. Schrader-Bridgeport*

*Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (citing cases). Indeed, courts in this District find that "the mere pendency of a related case in the transferee district does not require transfer; to the contrary, *such a factor is, of itself, entitled to little weight*." *Rohde v. Cent. R.R. of Indiana*, 951 F. Supp. 746, 749 (N.D. Ill. 1997) (emphasis added). Accordingly, the Seventh Circuit has instructed that "we apply the same standard to a section 1404(a) motion regardless of whether there is a second-filed case." *Rsch. Automation,* 626 F.3d at 982; *see also Taylor v. Midland Funding, LLC*, 94 F. Supp. 3d 941, 944 (N.D. Ill. 2015) (denying transfer of the second-filed case despite acknowledging that the second-filed action alleged the *same* claims against the *same* defendant for the *same* underlying consumer violations). As stated above, a balancing of the § 1404(a) factors here does not strongly favor transfer, which precludes application of the first-to-file rule as well.

***Last***, Arcadia's alternative request to stay this action pending resolution of the *Hayde* action should also be denied. Arcadia requests a stay until "resolution" of *Hayde* without defining whether that means a pleading ruling, class certification, a merits judgment, or an appeal. The requested stay is therefore uncertain and potentially indefinite. Arcadia's requested stay is thus "so extensive that it is immoderate or indefinite." *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (granting such requests "may be an abuse of discretion"). Class certification has not yet been briefed in the *Hayde* action and is far from any resolution on the merits. Further, any decision on class certification or the merits may also lead to an appeal. Indeed, Arcadia's indefinite stay request is likely to prejudice Plaintiff and should be denied as a result. *See, e.g.*, *Bank of Am. v. Veluchamy*, No. 09 C 5109, 2010 WL 1693108 at *4 (N.D. Ill. Apr. 26, 2010) (the "uncertain duration of the stay" is a reason that a plaintiff "might suffer prejudice").

For these reasons, and those set forth further below, Arcadia's Motion should be denied in full.

## II. FACTUAL BACKGROUND

Plaintiff is an Illinois citizen who purchased Arcadia's Fungi-Nail products under the false but reasonable belief that they would treat toenail fungus. ECF No. 1 ("Compl.") at ¶¶8-9. Plaintiff was misled by the products' "Fungi-Nail" name, along with the claims made on its front label stating that it "Kills Fungus" and is "Clinically Proven to Cure and Prevent Fungal

Infections" placed directly next to pictures of a human toenail. *Id.*, ¶¶14-16. In truth, Arcadia's Fungi-Nail products are not effective at treating nail fungus. *Id.*, ¶¶17-18.

Arcadia is a Delaware corporation with its principal offices in Bridgewater, New Jersey. Compl. at ¶11. Arcadia markets and sells the Fungi-Nail products in liquid, spray and pen form nationwide, including throughout the State of Illinois. *Id.* Plaintiff purchased a bottle of Arcadia's Maximum Strength Fungi-Nail Anti-Fungal Liquid in Machesney Park, Illinois, which is within this District. *Id.*, ¶8.

As a direct and proximate result of Arcadia's misleading advertising and product labeling, Plaintiff was injured. Plaintiff would not have purchased Arcadia's Fungi-Nail product had she known the truth: that the products did not effectively kill toenail fungus despite their misleading representations. Compl. at ¶2. Accordingly, Plaintiff brought this class action against Arcadia in her home District, seeking to represent other similarly misled individuals throughout the State of Illinois. *Id.*, ¶19.

Plaintiff alleges causes of action for violations of Illinois common law, including: (1) fraud; (2) fraudulent concealment and omission; and (3) unjust enrichment. *Id.*, ¶¶27-63, 103-112. Plaintiff also alleges violations of Illinois statutes, including: (1) violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA"); (2) breach of express warranty, 810 ILCS 5/2-313 and 810 ILCS 5/2-714, 5/2-715 and 5/2-719; and (3) breach of the implied warranty of merchantability, 810 ILCS 5/2-314, 810 ILCS 5/2-714 and 715, 810 ILCS 5/2-316, 810 ILCS 5/2-607 and 810 ILCS 5/2-719. *Id.*, ¶¶64-102.

## III. LEGAL STANDARD

Arcadia seeks transfer under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Under Section 1404(a), the moving party bears the burden of establishing that (1) venue is proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and witnesses and is in the

interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219.

## IV. ARGUMENT

### A. The §1404(a) Factors Weigh Against Transfer

Here, both the Central District of California and this District are viable jurisdictions for this action. Accordingly, Arcadia's Motion will be determined by a balancing of the public and private interests.

In determining whether transfer will serve the convenience of the parties and witnesses and promote the interests of justice, the Court looks to both the private and public interests. *Nicks v. Koch Meat Co.*, 260 F. Supp. 3d 942, 955 (N.D. Ill. 2017). Private interest factors include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *Id.* The public interest factors include: (1) the congestion of the respective court dockets; (2) prospects for a speedy trial; and (3) the courts' familiarity with the applicable law. *Id.*

#### 1. The Private Interest Factors Weigh Against Transfer

**The first factor, Plaintiff's choice of forum, weighs against transfer**. "[T]here is ordinarily a strong presumption in favor of plaintiff's choice of forum, which may only be overcome when the private and public interest factors clearly point towards trial in the alternative forum". *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255, (1981). This is particularly true where, as here, Plaintiff has brought the action in her home forum. *United Air Lines*, 8 F. Supp. 2d at 798 (this factor "weighs heavily against transfer" where the plaintiff brings the action in their home forum).

Arcadia contends that because "the product packaging and labeling" of its products are "uniform nationwide," this renders Plaintiff's choice of forum less important. Mot. at 7. Not so. Plaintiff here alleges that Arcadia marketed and sold the products in Illinois, that "consumer confusion occurred in Illinois," and that she was injured by Arcadia's deceptive marketing in Illinois. Compl. ¶¶2, 16-18. Such allegations "can establish a substantial connection to"

Plaintiff's home forum here. *Q Sales & Leasing, LLC v. Quilt Prot., Inc.,* No. 01 C 1993, 2002 WL 1732418, at *3 (N.D. Ill. July 26, 2002) (plaintiff's choice of home forum was entitled to great deference despite defendant's assertion that "all material events occurred in California."); *see also Rowell v. Franconia Mins. Corp.*, 582 F. Supp. 2d 1031, 1036 (N.D. Ill. 2008) (rejecting argument that plaintiff's choice of forum "is not entitled to deference" where plaintiff "suffered an alleged injury here.").

Arcadia also contends that Plaintiff's choice of forum should be afforded less weight because "another class representative could readily substitute for her." Mot. at 7. "In this case, however, [Plaintiff] seek[s] to represent a class consisting of only Illinois residents. Thus, Illinois will be the home venue for the entirety of the putative class." *Fahy*, 722 F. Supp. 3d at 793. Under such circumstances, "any reasons for discounting a class representative's choice of forum are less persuasive." *Id.* (holding that "plaintiff's choice of forum is entitled to deference and therefore weighs against transfer" where the putative class consisted entirely of Illinois residents).

To be sure, courts in this District also refuse to discount a plaintiff's choice of forum even where, as here, the first-filed action proposes a nationwide class. *See AL and PO Corp. v. Am. Healthcare Capital, Inc.,* No. 14 C 1905, 2015 WL 738694, at *3 (N.D. Ill. Feb. 19, 2015). In *AL and PO Corp.,* another Northern District of Illinois court refused to "discount Plaintiff's choice" of forum because the plaintiff brought a nationwide class, noting that "the Seventh Circuit has not endorsed this reasoning." Additionally, as in *AL and PO Corp.*, "the class certification motion has not been briefed" in *Hayde* and this court should "not assume such a broad class will ultimately be certified." Finally, the putative Illinois class members in this action "presumably benefit from a class representative who is able to aggressively litigate their claims without significant inconvenience due to travel." *Id.* Accordingly, Plaintiff's choice to litigate in her home forum here must still be afforded great weight.

**The second factor, the situs of material events, does not favor transfer**. Arcadia itself places decisions regarding the Fungi-Nail products' labeling and marketing at its corporate headquarters in New Jersey, not California. Mot. at 7. Because Arcadia's "headquarters are not

located in the [Central] District of California," "it is unclear that the purported transferee district has any stronger connection to the situs of material events than Illinois." *Gueorguiev v. Max Rave, LLC*, 526 F. Supp. 2d 853, 858 (N.D. Ill. 2007) (finding that for this reason, this factor weighs against transfer). Additionally, certain material events relevant to this action occurred in Illinois, as Plaintiff was misled into purchasing the Fungi-Nail products and was injured in this District. *See O'Connor v. RealPage Inc.*, No. 21 C 6846, 2022 WL 1487374, at *3 (N.D. Ill. May 11, 2022) ("material events also include the injury that [Plaintiff] suffered, which occurred in Illinois.").

**The third and fourth factors, the relative ease of access to sources of proof and the convenience of the witnesses and parties, are neutral at best**. Arcadia concedes its relevant records are electronic and can be produced in either forum. Mot. at 7-8. Arcadia identifies no material nonparty witness whose convenience would be improved by transfer and submits no declaration identifying witness names, locations, expected testimony, or concrete hardship. *See Taylor*, 94 F. Supp. 3d at 945-46. To the extent Arcadia contends that California would be more convenient because *Hayde* is pending there, that consideration does not establish that California is clearly more convenient for the witnesses or evidence in this action. "The mere pendency of a related case in the transferee district does not require transfer; to the contrary, *such a factor is, of itself, entitled to little weight*." *Rohde*, 951 F. Supp. at 749 (emphasis added). This is fatal to its transfer motion. *See Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 835 (N.D. Ill. 2004) (the party seeking transfer "has the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient than the transferor court."). Indeed, by Arcadia's own argument, the primary effect of its requested transfer would be to shift the inconvenience of litigation from Arcadia to Plaintiff, who would be somewhat more burdened should she be required to testify or provide documents in California rather than in her home forum. The Seventh Circuit has instructed that "merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Rsch. Automation*, 626 F.3d at 978.

Because Plaintiff's choice of her home forum weighs significantly against transfer and the remaining convenience factors are effectively neutral, Arcadia has not carried its burden.

*Fahy*, 722 F.Supp.3d at 795 (denying transfer where "plaintiff's choice of their home forum weighs significantly against transfer, and the remaining convenience factors are effectively neutral.").

**2. The Interests of Justice Do Not Favor Transfer**

**The first and second factors, the congestion of the respective court dockets and the prospects of a speedy trial, weigh only mildly in favor of transfer**. While Arcadia cites the Statistical Tables for the Federal Judiciary showing that cases on average go to trial more quickly in the Central District, courts in this District have noted that "[g]eneral statistics of this sort are…relatively meaningless in the section 1404(a) analysis" because they "consist of averages for cases of all types and tell the reader nothing about cases of the particular type at issue." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.,* 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009) (accordingly, "the Court does not regard this factor as tilting the balance one way or the other."). Further, courts in this District have afforded these two factors comparatively little weight, noting that "the use of statistics must be examined in light of the other considerations in the interests of justice." *United Air Lines*, 8 F. Supp. 2d at 800 (denying motion to transfer to the Central District of California).

**The third factor, familiarity with the applicable law, weighs against transfer**. It "is a self-evident proposition" that an Illinois court is in a better position to apply Illinois law than a California court. *Kwasniewski v. Schaid*, 153 Ill. 2d 550, 556 (1992) ("It would be difficult, if not impossible, to argue the contrary."). Illinois' local interests also favor retaining this action over transferring it to California, as Illinois "has a strong interest in providing a forum to seek redress for fraudulent schemes" affecting Illinois residents "inflicted by out-of-state actors" such as Arcadia. *Walls,* 344 F. Supp. 3d at 945. This is particularly true where, like here, Plaintiff brings claims solely under Illinois law and seeks to represent a class of Illinois consumers only. *Barbara's Sales, Inc. v. Intel Corp.*, 227 Ill. 2d 45, 63 (2007) ("Thus, the relevant policy interest of Illinois would be to apply Illinois law to the claims of Illinois consumers…").

The mere existence of the earlier-filed *Hayde* action also does not compel transfer. "To the contrary, this factor, standing alone, is entitled to little weight." *Gregg Commc'ns Sys., Inc.*

*v. Am. Tel. & Tel. Co.*, 575 F. Supp. 1269, 1270 (N.D. Ill. 1984); *see also Rohde*, 951 F. Supp. at 749. Likewise, Arcadia's argument as to "the judicial economy achieved by placing the related suits in the same district…is entitled to little weight." *Am. Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333 (E.D. Wis. 1977). Indeed, Arcadia "points to no relationship to [California] other than that it is named as a defendant in [*Hayde*] case pending there," which instead "favors keeping the action here." *Taylor*, 94 F. Supp. 3d at 946 (absent such a showing, the interests of justice do not favor transfer).

Prevailing authority in the Seventh Circuit holds that "there should be a clear balance of inconvenience in favor of the defendant before plaintiff's choice of forum should be disturbed." *Blumenthal v. Mgmt. Assistance, Inc.*, 480 F. Supp. 470, 474 (N.D. Ill. 1979) (citing cases). Because Plaintiff's choice of forum "weighs significantly against transfer" and the remaining factors "are neutral or close to it," Arcadia has not carried its burden of demonstrating that the balance "is strongly in their favor such that [Plaintiff's] choice of forum should be disturbed." *Fahy,* 722 F. Supp. 3d at 795-96. Even if the Court were inclined to find that some convenience factors slightly favor transfer, the balance does not strongly favor Arcadia, and transfer would merely shift inconvenience from one party to another. *Blumenthal*, 480 F. Supp. at 474 (denying motion to transfer because doing so in such circumstances "would merely shift the inconvenience from one party to another"); *see also Karrels*, 699 F. Supp. at 174-75 (a plaintiff's choice of forum should not be disturbed "unless the balance *strongly favors* transfer") (emphasis added).

**B. The First-to-File Rule Does Not Warrant Transfer Either**

The first-to-file rule "is viewed in this circuit not as a hard-and-fast rule, but rather as a question of comity which the district court enjoys a great deal of discretion." *Taylor*, 94 F. Supp. 3d at 944 (citing cases). The Seventh Circuit "does not rigidly adhere to" the rule and applies the same § 1404(a) standard regardless of whether a second-filed case exists. *Rsch. Automation*, 626 F.3d at 980-82 (citing cases). Filing sequence "should weigh no more heavily" than Plaintiff's forum choice. *Id.* at 982.

Arcadia contends that this action and *Hayde* "substantially overlap in parties, claims and relief." Mot. at 13. To be sure, Plaintiff in this action alleges only Illinois causes of action and

seeks only to represent Illinois consumers, while the *Hayde* action alleges primarily violations of California law and consumer protection statutes. Nevertheless, even if the Court were inclined to find substantial overlap, that alone does not warrant application of the rule. In *Taylor v. Midland*, another Northern District of Illinois court declined to transfer a second-filed class action—despite acknowledging that both it and the earlier-filed case alleged the *same* claims against the *same* defendant for the *same* underlying consumer violations—because "no motion for class certification ha[d] been filed" and that motion "if filed, could be denied." *Taylor*, 94 F. Supp. 3d at 944. So too here. As of the date of this filing, no motion for class certification has been filed in *Hayde*, and even after it is filed, resolution of that motion could remain pending for months or even years. Accordingly, there is no guarantee that Plaintiff or the putative Illinois class she seeks to represent would be represented in the *Hayde* action.

The Southern District of Florida's two-page order transferring *White v. Arcadia Consumer Healthcare, Inc.*, No. 26-14082-CIV-CANNON (S.D. Fla. Mar. 12, 2026) does not bind this Court. *See, e.g., United States v. Glaser*, 14 F.3d 1213, 1216 (7th Cir. 1994) (Seventh Circuit courts "owe no more than respectful consideration" on the views of other circuits). The order expressly applied the Eleventh Circuit's "strong presumption" favoring the first-filed forum and granted transfer "for the reasons articulated in Defendant's Motion." Mot., Ex. B at 1-2. The Seventh Circuit, by contrast, rejects an inflexible first-filed presumption. *Rsch. Automation,* 626 F.3d at 980-82.

Accordingly, like *Taylor*, this Court should also exercise its discretion and decline to apply the first-to-file rule to transfer this action.

### C. Arcadia's Alternative Request to Stay this Action Should Also Be Denied

In deciding whether to stay an action, courts in this District consider (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court. *Norix Grp., Inc. v. Corr. Techs., Inc.*, 542 F. Supp. 3d 824, 830 (N.D. Ill. 2021). There is no presumption that a stay is appropriate merely because a first-filed case exists. Indeed, the Seventh Circuit has recognized that a judge "hearing

the second-filed case may conclude that it is a superior vehicle and may press forward." *Cent. States, Se. & Sw. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444-45 (7th Cir. 2000).

Here, staying Plaintiff's claims "could prejudice them" as the *Hayde* action does not allege the violations of Illinois law and consumer protection statutes that Plaintiff alleges here, such that "a stayed-and-later-unstayed Plaintiff would need to play catchup" to certify those claims. *Williams v. State Farm Mut. Auto. Ins. Co*., 678 F. Supp. 3d 980, 1001 (N.D. Ill. 2023). This is particularly the case where, like here, the length of Arcadia's requested stay is uncertain and indefinite. *See, e.g.*, *Bank of Am.*, 2010 WL 1693108, at *4 ("uncertain duration of the stay" is a reason that a plaintiff "might suffer prejudice"). Arcadia's own *Askin* authority underscores the defect. *Askin* tied the stay to the pending motion to dismiss and, if necessary, the class-certification ruling—not to final "resolution" of the later action. *Askin v. Quaker Oats Co.*, No. 11 C 111, 2012 WL 517491, at *6 (N.D. Ill. Feb. 15, 2012). Arcadia proposes no comparable milestone. The stay should therefore be denied; at minimum, any stay should be tied to a defined, near-term event and periodic status reports.

Further, a stay would not necessarily simplify the issues or streamline litigation, but would instead "risk[] needlessly complicating this case and wasting resources—dangers which outweigh any efficiency gained by (temporarily)" staying this action. *Williams*, 678 F. Supp. 3d at 1001. Accordingly, "[t]here is no need to…stay [Plaintiff's claims] in favor of the first-filed" *Hayde* action. *Id.*

## V. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Arcadia's Motion in its entirety.[1]

[1] Arcadia's Motion contains a further alternative request that the Court extend its deadline to respond to Plaintiff's Complaint until 30 days after its ruling on the Motion should it decline to stay or transfer this action. Plaintiff does not oppose this second alternative request.

Dated: July 24, 2026

Respectfully submitted,

*/s/ Thiago M. Coelho*

Thiago M. Coelho
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Email: *thiago.coelho@wilshirelawfirm.com*

*Attorney for Plaintiff and the Proposed Classes*